■ JP Morgan Chase Bank National Association, Respondent, v Hela Miodownik, Appellant, et al., Defendants. [937 NYS2d 192]—

In this action to foreclose a consolidated mortgage, defendant argues that plaintiff JP Morgan Chase Bank, N.A. (JPMC) does not own the note it is attempting to foreclose. On September 25, 2008, the Office of Thrift Supervision closed Washington Mutual Bank (WAMU) and appointed the FDIC as Receiver (*see Dipaola v JPMorgan Chase Bank*, 2011 WL 3501756, *3, 2011 US Dist LEXIS 88753, *7 [ND Cal 2011]). On that same date, the bulk of WAMU's assets were transferred to JPMC pursuant to a Purchase and Assumption Agreement (the P & A Agreement) entered into between FDIC as Receiver, the FDIC in its corporate capacity, and JPMC (*see id.*). Courts have found that the P & A Agreement evinced that JPMC purchased all of WAMU's loans and loan commitments, and therefore had the right to foreclose on a defaulting borrower (*see e.g. Haynes v JPMorgan Chase Bank, N.A.*, 2011 WL 2581956, 2011 US Dist LEXIS 69703 [MD Ga 2011]).

Defendant's contention that pursuant to sections 2.5 and 3.5 of the P & A Agreement, a borrower's loan is exempt from the P & A Agreement if the borrower is pressing a counterclaim against WAMU, is unavailing. Consistent with section 2.1 of the P & A Agreement, JPMC, as the assuming bank, agreed to continue to service all loans, and agreed to assume the liabilities associated with its ongoing servicing obligations (*see Allen v United Fin. Mtge. Corp.*, 2010 WL 1135787, *3-4, 2010 US Dist LEXIS 26503, *9-10 [ND Cal 2010]). However, section 2.5 of the P & A Agreement expressly provides that JPMC did not assume the potential liabilities of WAMU associated with claims of defaulting borrowers such as defendant, where the claims directly relate to WAMU's lending practices (*see e.g. Yeomalakis v Federal Deposit Ins. Corp.*, 562 F3d 56, 60 [1st Cir 2009]; *Hanaway v JPMorgan Chase Bank*, 2011 WL 672559, *2, 2011 US Dist LEXIS 21374, *8 [CD Cal 2011]; *Cassese v Washington Mut., Inc.*, 2008 WL 7022845, *3, 2008 US Dist LEXIS 111709, *7 [ED NY 2008]).

Moreover, defendant's reliance on section 3.5 of the P & A Agreement, is misplaced since this provision deals with "assets" of WAMU, and makes clear that the FDIC, as Receiver, was retaining any interest, right, action, claim, or judgment that WAMU had for itself so that the FDIC as Receiver would retain

the benefit of those recoveries, rather than JPMC. Section 3.5 expressly excludes loss relating to defaulted loans, such as here, which would obviously be for the benefit of JPMC, since it acquired all of WAMU's loans and loan commitments.

In light of the foregoing, we need not address defendant's individual defenses, which result from WAMU's conduct at loan origination (*see Federici v Monroy*, 2010 WL 1345276, \*3, 2010 US Dist LEXIS 37736, \*10-11 [ND Cal 2010]). Were we to consider these claims, we would find them unavailing.

Defendant's attempt to thwart JPMC's request for attorney's fees is undermined by paragraph 14 of the Consolidation, Extension and Modification Agreement executed by defendant, which consolidated her first and second mortgages, and specifically provided that the lender could charge defendant for fees for services performed in connection with default, including attorneys' fees. Contrary to defendant's argument, she should not be awarded attorney's fees on the basis that JPMC failed to attach a copy of the mortgage to its foreclosure papers that were signed by defendant. Concur—Tom, J.P., Friedman, DeGrasse and Richter, JJ.