██ WELLS FARGO BANK, N.A., as Trustee for WAMU MORT-GAGE PASS THROUGH CERTIFICATES SERIES 2005-PR2 TRUST, Respondent, v PAMELA J. THOMAS, Also Known as PAMELA THOMAS, et al., Appellants, et al., Defendants. [52 NYS3d 894]—

In an action to foreclose a mortgage, the defendants Pamela J. Thomas, also known as Pamela Thomas, and Carl Thomas appeal (1) from an order of the Supreme Court, Nassau County (Adams, J.), entered August 25, 2014, and (2), as limited by their brief, from so much of an order of the same court entered August 28, 2014, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference.

Ordered that the appeal from the order entered August 25, 2014, is dismissed, as it was superseded by the order entered August 28, 2014; and it is further,

Ordered that the order entered August 28, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff commenced this action against the appellants, among others, to foreclose a mortgage. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the appellants and for an order of reference. The Supreme Court granted the plaintiff's motion.

To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (*see Hudson City Sav. Bank v Genuth*, 148 AD3d 687 [2017]; *Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d 1001, 1002 [2015]). However, where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be

entitled to relief (*see Deutsche Bank Trust Co. Ams. v Garrison*, 147 AD3d 725 [2017]; *Wells Fargo Bank, N.A. v Arias*, 121 AD3d 973, 973-974 [2014]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]; *Deutsche Bank Trust Co. Ams. v Garrison*, 147 AD3d at 725). Either a written assignment of the underlying note or the physical delivery of the note is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (*see Deutsche Bank Trust Co. Ams. v Garrison*, 147 AD3d at 726; *U.S. Bank N.A. v Saravanan*, 146 AD3d 1010, 1011 [2017]; *Deutsche Bank Natl. Trust Co. v Logan*, 146 AD3d 861, 862 [2017]).

Here, the plaintiff established, prima facie, that it had standing by demonstrating that it had physical possession of the note at the time it commenced the action, as evidenced by its attachment of the note to the summons and complaint (*see JP Morgan Chase Bank, N.A. v Venture*, 148 AD3d 1269 [2017]; *Deutsche Bank Natl. Trust Co. v Logan*, 146 AD3d at 862; *Nationstar Mtge., LLC v Weisblum*, 143 AD3d 866, 868 [2016]). Contrary to the appellants' contention, " '[t]here is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it' " (*Deutsche Bank Natl. Trust Co. v Logan*, 146 AD3d at 863, quoting *JPMorgan Chase Bank, N.A. v Weinberger*, 142 AD3d 643, 645 [2016]). "Further, where the note is affixed to the complaint, 'it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date' " (*Deutsche Bank Natl. Trust Co. v Logan*, 146 AD3d at 863, quoting *JPMorgan Chase Bank, N.A. v Weinberger*, 142 AD3d at 645; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 362).

Additionally, the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the mortgage, the note, and the affidavit of Victoria J. Greenwood, a vice president of JPMorgan Chase Bank, NA, the plaintiff's loan servicer, attesting to the default in payment (*see Deutsche Bank Natl. Trust Co. v Logan*, 146 AD3d at 861). The appellants' contention that Greenwood's affidavit constituted inadmissible hearsay because she did not have personal knowledge of the plaintiff's record-keeping practices and procedures is without merit (*see* CPLR 4518; *Citigroup v Kopelowitz*, 147 AD3d 1014 [2017]; *Wells Fargo Bank, N.A. v Gallagher*, 137 AD3d 898, 900 [2016]).

In opposition, the appellants failed to raise a triable issue of fact rebutting the plaintiff's showing or as to the merit of any of their affirmative defenses (*see Wells Fargo Bank Minn., N.A. v Perez*, 41 AD3d 590 [2007]).

The appellants' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellants and for an order of reference. Eng, P.J., Rivera, Balkin and Barros, JJ., concur.