■ Wells Fargo Bank, NA, as Trustee for WaMu Mortgage Pass-Through Certificates Series 2004-PR2 Trust, Respon-

dent, v KEVIN FORTMEYER et al., Appellants, et al., Defendants.
[63 NYS3d 92]—

In an action to foreclose a mortgage, the defendants Kevin
Fortmeyer and Michelle Fortmeyer appeal (1) from a decision
of the Supreme Court, Nassau County (Adams, J.), dated May
14, 2015, and (2), as limited by their brief, from so much of an
order of the same court entered June 2, 2015, as, upon the de-
cision, granted those branches of the plaintiff's motion which
were for summary judgment on the complaint insofar as as-
serted against them, to strike their answer, and for an order of
reference.

Ordered that the appeal from the decision is dismissed, as no
appeal lies from a decision (see Schicchi v J.A. Green Constr.
Corp., 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed insofar as appealed from;
and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In 2004, the defendants Kevin Fortmeyer and Michelle
Fortmeyer (hereinafter together the defendants) executed a
note, and a mortgage on real property, in favor of Washington
Mutual Bank, FA (hereinafter WaMu). In 2008, after WaMu
had entered receivership by the Federal Deposit Insurance
Corporation (hereinafter the FDIC), JP Morgan Chase Bank,
N.A. (hereinafter JP Morgan), and the FDIC entered into a
purchase and assumption agreement, pursuant to which JP
Morgan acquired all of WaMu's loans and loan commitments
(see JP Morgan Chase Bank, N.A. v Schott, 130 AD3d 875
[2015]; JP Morgan Chase Bank, N.A. v Russo, 121 AD3d 1048
[2014]; JP Morgan Chase Bank N.A. v Miodownik, 91 AD3d
546, 547 [2012]). JP Morgan thereafter assigned the instant
note and mortgage to the plaintiff, by written assignment dated
June 30, 2009.

On May 3, 2013, the plaintiff commenced this action to fore-
close the mortgage. The plaintiff moved, inter alia, for sum-
mary judgment on the complaint insofar as asserted against
the defendants, to strike the defendants' answer, and for an or-
der of reference. The Supreme Court granted those branches of
the motion, and the defendants appeal.

To establish prima facie entitlement to judgment as a matter
of law in an action to foreclose a mortgage, a plaintiff must
produce the mortgage, the unpaid note, and evidence of default
(see Wells Fargo Bank, N.A. v Thomas, 150 AD3d 1312 [2017];
Hudson City Sav. Bank v Genuth, 148 AD3d 687 [2017]). More-

over, where, as here, a plaintiff's standing to commence a foreclosure action has been placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (*see Wells Fargo Bank, N.A. v Thomas*, 150 AD3d 1312 [2017]; *Deutsche Bank Trust Co. Ams. v Garrison*, 147 AD3d 725 [2017]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it was the holder or assignee of the underlying note at the time the action was commenced (*see Hudson City Sav. Bank v Genuth*, 148 AD3d 687 [2017]; *Deutsche Bank Trust Co. Ams. v Garrison*, 147 AD3d 725 [2017]).

Here, the plaintiff established its prima facie entitlement to judgment as a matter of law through production of the mortgage, the note, and evidence of default. Additionally, the plaintiff established, prima facie, that it had standing as the assignee of the note at the time the action was commenced. In opposition, the defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference. Mastro, J.P., Hall, Austin and Sgroi, JJ., concur.