Bank of Am., N.A. v Wheatley (2018 NY Slip Op 01175)





Bank of Am., N.A. v Wheatley


2018 NY Slip Op 01175


Decided on February 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-00933
 (Index No. 6707/11)

[*1]Bank of America, National Association, etc., appellant,
v
Cecil Wheatley, et al., defendants.


Parker Ibrahim & Berg, New York, NY (Ben Z. Raindorf of counsel), for appellant.



DECISION & ORDER
Appeal from an order of the Supreme Court, Queens County (Frederick D. R. Sampson, J.), entered April 12, 2016. The order denied the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference.
ORDERED that the order is affirmed, without costs or disbursements.
On March 19, 2007, the defendant Cecil Wheatley (hereinafter the defendant) executed a note in the sum of $242,000 in favor of Bravo Credit. The note was secured by a mortgage on residential property located in Queens County. In January 2010, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Bravo Credit, assigned the mortgage to the plaintiff.
In March 2011, the plaintiff commenced this action against, among others, the defendant. The defendant served an answer in which he asserted various affirmative defenses, including that the plaintiff lacked standing and that the plaintiff failed to comply with RPAPL 1304, and two counterclaims. The plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. The defendant did not oppose the motion. By order entered April 12, 2016, the Supreme Court denied the motion. The plaintiff appeals, and we affirm.
Contrary to the Supreme Court's determination, the plaintiff established, prima facie, that it had standing to commence this action. A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; U.S. Bank, N.A. v Noble, 144 AD3d 786, 787; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; see U.S. Bank N.A. v Saravanan,146 AD3d 1010, 1011; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862).
Here, the plaintiff established, prima facie, its standing as the holder of the note by demonstrating that the note was in its possession at the time it commenced the action, as evidenced [*2]by its attachment of the note, which contained an endorsement in blank by Bravo Credit, the original lender, to the summons and complaint at the time the action was commenced (see U.S. Bank N.A. v Sabloff, 153 AD3d 879; Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d 491, 493; Wells Fargo Bank, N.A. v Thomas, 150 AD3d 1312, 1313; U.S. Bank N.A. v Saravanan, 146 AD3d at 1011; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d at 862; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645).
However, the Supreme Court properly determined that the plaintiff failed to establish, prima facie, its compliance with RPAPL 1304. RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." RPAPL 1304(1) sets forth the requirements for the content of such notice and further provides that such notice must be sent by registered or certified mail and by first-class mail to the last known address of the borrower (see RPAPL 1304[2]). "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see CitiMortgage, Inc. v Pappas, 147 AD3d 900, 901; Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 910).
Contrary to the plaintiff's contention, since the defendant raised the issue of compliance with RPAPL 1304 as an affirmative defense in his answer, the plaintiff was required to make a prima facie showing of compliance with RPAPL 1304 (cf. Flagstar Bank, FSB v Jambelli, 140 AD3d 829, 830; U.S. Bank N.A. v Carey, 137 AD3d 894, 896). The plaintiff failed to make the requisite showing. In support of its motion, the plaintiff submitted the affidavit of Sherry Benight, an officer of Select Portfolio Servicing, Inc. (hereinafter SPS), the loan servicer, along with two copies of a 90-day notice addressed to the defendant and a proof of filing statement pursuant to RPAPL 1306 from the New York State Banking Department. While mailing may be proved by documents meeting the requirements of the business records exception" to the hearsay rule, Benight, in her affidavit, did not aver that she was familiar with the plaintiff's mailing practices and procedures, and therefore did not establish proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed (CitiMortgage, Inc. v Pappas, 147 AD3d at 901; see Wells Fargo Bank, N.A. v Trupia, 150 AD3d at 1050). Moreover, the plaintiff failed to demonstrate, prima facie, that the notices included a list of five housing counseling agencies, as required by the statute (see RPAPL 1304[2]). Although Benight stated in her affidavit that the notices included such a list, the copies of the notices submitted merely included information about contacting a hotline that would provide "free personalized advice from housing counseling agencies certified by the U.S. Department of Housing and Urban Development."
Since the plaintiff failed to demonstrate its compliance with RPAPL 1304, the Supreme Court properly denied its motion for summary judgment (see Wells Fargo Bank, N.A. v Trupia, 150 AD3d at 1051; Citibank, N.A. v Wood, 150 AD3d 813, 814; CitiMortgage, Inc. v Pappas, 147 AD3d at 902).
RIVERA, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court