JP Morgan Chase Bank, N.A. v Atedgi (2018 NY Slip Op 04315)





JP Morgan Chase Bank, N.A. v Atedgi


2018 NY Slip Op 04315


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-00905
 (Index No. 14763/09)

[*1]JP Morgan Chase Bank, National Association, etc., respondent, 
v
Moshe Atedgi, et al., appellants, et al., defendants.


Joseph A. Altman, P.C., Bronx, NY, for appellants.
Parker Ibrahim & Berg LLC, New York, NY (Melinda Colon Cox and Nicholas F. Spindler of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Moshe Atedgi and F.L.B. Custom Homes, Inc., appeal from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated September 15, 2015. The order, insofar as appealed from, upon denying the application of the defendant Moshe Atedgi to have the plaintiff's motion for, inter alia, summary judgment deemed abandoned, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Moshe Atedgi and F.L.B. Custom Homes, Inc., and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In December 2007, the defendant Moshe Atedgi executed a note in the sum of $525,000 in favor of Washington Mutual Bank, FA (hereinafter Washington Mutual). The note was secured by a mortgage on residential property located in Queens, which was executed by Atedgi as president of F.L.B. Custom Homes, Inc. (hereinafter FLB). In June 2009, JP Morgan Chase Bank, National Association, "as purchaser of the loans and other assets of Washington Mutual Bank, formerly known as Washington Mutual Bank, FA" (hereinafter the plaintiff), commenced this action against Atedgi and FLB (hereinafter together the appellants), among others, to foreclose the mortgage. The appellants served an answer in which they asserted the affirmative defense that the plaintiff lacked standing.
In April 2013, the plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. The appellants opposed the motion. By decision dated July 1, 2013, the Supreme Court granted the motion and directed the plaintiff to "settle order." The decision was filed with the Queens County Clerk on July 9, 2013. Atedgi subsequently sought to have the plaintiff's motion deemed abandoned pursuant to 22 NYCRR 202.48(b) on the ground that the plaintiff failed to submit its proposed order for signature within 60 days after the July 1, 2013, decision was filed, as required by 22 NYCRR 202.48(a). The court rejected Atedgi's request. Thereafter, the plaintiff submitted its proposed order, and the court signed it on September 15, 2015. [*2]This appeal is from so much of the order dated September 15, 2015, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellants and for an order of reference.
Where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v. Taylor, 25 NY3d 355, 361-362; U.S. Bank, N.A. v Noble, 144 AD3d 786; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 725; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862).
The appellants' contention that the plaintiff failed to establish, prima facie, that it had standing to commence the action because it failed to demonstrate that it was the holder of the note and mortgage at the time of the commencement of the action is not improperly raised for the first time on appeal. However, the contention is without merit. The plaintiff submitted evidence establishing that, in 2008, after Washington Mutual had entered receivership with the FDIC, the plaintiff and the FDIC entered into a purchase and assumption agreement pursuant to which the plaintiff acquired all of Washington Mutual's loans and loan commitments (see Wells Fargo Bank, NA v Fortmeyer, 154 AD3d 998; JP Morgan Chase Bank, N.A. v Schott, 130 AD3d 875; JP Morgan Chase Bank, N.A. v Russo, 121 AD3d 1048; JP Morgan Chase Bank, N.A. v Shapiro, 104 AD3d 411; JP Morgan Chase Bank N.A. v Miodownik, 91 AD3d 546, 547). Since the plaintiff acquired the subject loan pursuant to the purchase and assumption agreement as of September 25, 2008, which was prior to the commencement of this action on June 4, 2009, it established its standing to commence the action. In opposition, the appellants failed to raise a triable issue of fact.
Contrary to the appellants' contention, under the circumstances of this case the Supreme Court providently exercised its discretion in declining to deem the plaintiff's motion abandoned pursuant to 22 NYCRR 202.48 (see Curanovic v Cordone, 134 AD3d 978, 979-980; Russo v City of New York, 206 AD2d 355).
The appellants' remaining contentions are improperly raised for the first time on appeal or are without merit.
Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellants and for an order of reference.
CHAMBERS, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court