Wilmington Sav. Fund Socy., FSB v Finn (2019 NY Slip Op 02380)





Wilmington Sav. Fund Socy., FSB v Finn


2019 NY Slip Op 02380


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2015-06726
 (Index No. 5332/09)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent,
v
Patricia Finn, et al., appellants, et al., defendants.


Patricia Finn, Piermont, NY, and Frederick E. Piesco, Jr., named herein as Frederick Piesco, Jr., Tappan, NY, appellants pro se (one brief filed).
Jeffrey A. Kosterich, LLC, Tuckahoe, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Patricia Finn and Frederick Piesco, Jr., appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Rockland County (William A. Kelly, J.), dated March 23, 2015. The order and judgment of foreclosure and sale, upon an order of the same court dated February 7, 2013, granting the renewed motion of JPMorgan Chase Bank, National Association, inter alia, for summary judgment on the complaint insofar as asserted against those defendants, granted the motion of JPMorgan Chase Bank, National Association, among other things, to amend the caption, confirm a referee's report, and for a judgment of foreclosure and sale, denied the cross motion of the defendants Patricia Finn and Frederick Piesco, Jr., for summary judgment dismissing the complaint insofar as asserted against them, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
On April 28, 2004, the defendants Patricia Finn and Frederick Piesco, Jr. (hereinafter together the defendants), executed a promissory note in the amount of $630,000 in favor of Washington Mutual Bank, FA (hereinafter Washington Mutual), which was secured by a mortgage on real property located in Piermont. In June 2009, JPMorgan Chase Bank, National Association (hereinafter JPMorgan), "as purchaser of the loans and other assets of Washington Mutual Bank, formerly known as Washington Mutual Bank, FA," commenced this action to foreclose the mortgage against, among others, the defendants. In their answer, the defendants asserted lack of standing as an affirmative defense.
In an order entered December 23, 2010, the Supreme Court denied JPMorgan's motion for summary judgment on the complaint and the defendants' cross motion for summary judgment dismissing the complaint, with leave to renew the motion and cross motion following the completion of discovery. In October 2012, JPMorgan made a renewed motion for summary judgment. In an order dated February 7, 2013, the Supreme Court granted JPMorgan's renewed motion and appointed a referee to compute the amount due to JPMorgan. In December 2014, Wilmington Savings Fund Society, FSB (hereinafter Wilmington), moved, inter alia, for a judgment [*2]of foreclosure and sale and to amend the caption to substitute it as the plaintiff in the place of JPMorgan. The defendants cross-moved to dismiss the complaint insofar as asserted against them based on, inter alia, lack of standing. The court granted the motion and denied the cross motion, finding that the issue of standing had already been determined in the prior order granting JPMorgan's renewed motion for summary judgment, and directed the sale of the subject premises. The defendants appeal.
Where, as here, a plaintiff's standing to maintain a foreclosure action is placed in issue by a defendant, the plaintiff must prove its standing to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862; U.S. Bank, N.A. v Noble, 144 AD3d 786). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726; U.S. Bank N.A. v Saravanan, 146 AD3d at 1011; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d at 862).
Here, as the Supreme Court found, the issue of standing was determined by the prior order dated February 7, 2013, granting JPMorgan's renewed motion for summary judgment. Moreover, the defendants' contention that JPMorgan failed to establish, prima facie, that it had standing to maintain the action because it failed to demonstrate that it was the holder of the note and mortgage at the time of the commencement of the action is without merit. JPMorgan submitted evidence establishing that, in 2008, after Washington Mutual had entered receivership with the FDIC, JPMorgan and the FDIC entered into a purchase and assumption agreement pursuant to which JPMorgan acquired all of Washington Mutual's loans and loan commitments (see JP Morgan Chase Bank, N.A. v Atedgi, 162 AD3d 756; Wells Fargo Bank, NA v Fortmeyer, 154 AD3d 998, 1000; JP Morgan Chase Bank, N.A. v Schott, 130 AD3d 875, 875; see also JP Morgan Chase Bank, N.A. v Russo, 121 AD3d 1048, 1048; JP Morgan Chase Bank, N.A. v Shapiro, 104 AD3d 411, 412). Since JPMorgan acquired the subject loan pursuant to the purchase and assumption agreement as of September 25, 2008, which was prior to the commencement of this action in June 2009, it established its standing to maintain the action. In opposition, the defendants failed to raise a triable issue of fact.
"[T]he burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied. To defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 59-60 [citations omitted]; Aurora Loan Servs., LLC v Mercius, 138 AD3d 650, 652). Here, the defendants, as the moving parties, failed to make a prima facie showing that JPMorgan lacked standing (see Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d at 59-60).
Contrary to the defendants' further contention, upon the evidence that the mortgage and underlying debt were assigned to Wilmington, the Supreme Court providently exercised its discretion in granting that branch of Wilmington's motion which was to amend the caption to substitute it as the plaintiff in the place of JPMorgan (see CPLR 1018; Brighton BK, LLC v Kurbatsky, 131 AD3d 1000, 1001; Citibank, N.A. v Van Brunt Props., LLC, 95 AD3d 1158; Deutsche Bank Trust Co., Ams. v Stathakis, 90 AD3d 983; Maspeth Fed. Sav. & Loan Assn. v Simon-Erdan, 67 AD3d 750).
The defendants' remaining contentions are improperly raised for the first time on appeal or are without merit.
MASTRO, J.P., COHEN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court