East Riv. Mtge. Corp. v OneWest Bank, N.A. (2019 NY Slip Op 03742)





East Riv. Mtge. Corp. v OneWest Bank, N.A.


2019 NY Slip Op 03742


Decided on May 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2019

Richter, J.P., Manzanet-Daniels, Webber, Kern, JJ.


9314 112574/11

[*1]East River Mortgage Corp., Plaintiff-Appellant,
v
OneWest Bank, N.A., Defendant-Respondent. Americorp Funding Inc., also known as Americorp Funding, et al., Defendants,


Kenneth R. Berman, Forest Hills, for appellant.
Zeichner Ellman & Krause LLP, New York (Jantra Van Roy of counsel), for respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered May 15, 2017, to the extent it granted defendant CIT Bank, N.A.'s (f/k/a OneWest Bank, N.A.) motion for summary judgment as to liability on its counterclaims for unjust enrichment and conversion, and denied plaintiff's cross motion for summary judgment on its complaint and dismissing the counterclaims, unanimously modified, on the law, to deny CIT's motion, and otherwise affirmed, without costs.
This action was commenced to quiet title to a condominium unit. CIT moved for permission to intervene on the ground that it was the holder of the note underlying the mortgage on the unit. Following its filing of a bankruptcy petition, plaintiff sold the unit, as authorized by the Bankruptcy Court, in October 2012.
Contrary to plaintiff's contention, CIT was not required to file a proof of claim in plaintiff's bankruptcy case to satisfy its lien (assuming it has one) out of the proceeds from plaintiff's sale of a condominium unit. The Bankruptcy Court dismissed plaintiff's case in May 2013, and therefore was divested of exclusive jurisdiction over plaintiff's property (In re Garnett, 303 BR 274, 278 [ED NY 2003]). CIT moved for summary judgment in state court in January 2016, well after the dismissal of plaintiff's bankruptcy case. Moreover, the Bankruptcy Court dismissed the case "without prejudice to and with full reservation and preservation of any rights of . . . [plaintiff's] creditors under state law or pending state court proceedings of any kind." The instant action, which was commenced in 2011, was pending at the time of the Bankruptcy Court's May 2013 order.
Contrary to plaintiff's further contention, CIT's lien, if it had one, was not extinguished by CIT's failure to file a proof of claim during plaintiff's bankruptcy case (Hassett v Citicorp N. Am., Inc. [In re CIS Corp.], 1997 WL 666265, *2, 1997 US Dist LEXIS 16765, *6-7 [SD NY, Oct. 24, 1997, No. 97 Civ. 622(LMM)]).
CIT contends that the issue of its standing to bring counterclaims was decided when the court granted OneWest's motion to intervene, in June 2015. However, the court did not decide that OneWest (CIT as of August 3, 2015) had standing; it merely found that OneWest had "established a colorable claim that it was the holder of the mortgage in question" (emphasis added).
In any event, it is the note, not the mortgage, that conveys standing to foreclose (Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361 [2015]). The parties assume that CIT's standing to bring counterclaims is governed by the same requirements as its standing to foreclose on a mortgage. In a foreclosure case, the note must be transferred to the plaintiff before it commences the action. By analogy, the note signed by defendant Barry Satchwell Smith (or Satchwell-[*2]Smith) had to be transferred to OneWest before OneWest served its counterclaims on July 31, 2015.
CIT failed to establish, by proof in admissible form, that the note was transferred to OneWest before July 31, 2015. Americorp's endorsement of the note to IndyMac, and the signature of the FDIC (as IndyMac's receiver) on an allonge endorsing the note to OneWest, are undated. In her affidavit, Varner said that CIT (by which she included OneWest up to August 2, 2015) purchased the loan from the FDIC as of March 19, 2009 and that "[s]ince CIT Bank purchased the Loan, Deutsche Bank, as custodian for CIT Bank, has maintained physical possession of the . . . Note." However, as an employee of CIT, Varner is not the proper person to say that Deutsche Bank has maintained physical possession of the note. CIT should have submitted an affidavit by an employee of Deutsche Bank (see Wells Fargo, 139 AD3d at 521; IRB-Brasil Resseguros S.A. v Eldorado Trading Corp. Ltd., 68 AD3d 576, 577 [1st Dept 2009]).
CIT argues, citing JP Morgan Chase Bank N.A. v Miodownik (91 AD3d 546 [1st Dept 2012], lv dismissed 19 NY3d 1017 [2012]), that the Loan Sale Agreement shows that the FDIC properly transferred the loans to it. However, the Loan Sale Agreement says that the FDIC transfers all of its right, title and interest in the loans in Attachment A, and the copy of Attachment A in the record on appeal is blank. CIT claims that the loan schedule was attached as the last page of Exhibit C and that plaintiff omitted this page from the record on appeal. Unfortunately, CIT did not submit a Supplemental Record or Respondent's Appendix with the missing page; instead, it asks us to take judicial notice of that page. However, only limited documents from this case are available at Supreme Court Records On-Line Library, and Exhibit C is not among them.
The fact that CIT's motion for summary judgment should have been denied does not mean that plaintiff's cross motion for summary judgment dismissing the counterclaims on standing grounds should have been granted. CIT raised a question of fact as to whether it possessed Smith's note by July 31, 2015, and therefore whether it had standing to bring the counterclaims (see Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 60 [2d Dept 2015]). CIT should be given the chance to prove its case at trial by calling the proper witnesses.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2019
CLERK