Wells Fargo Bank N.A. v Johnson (2019 NY Slip Op 04024)





Wells Fargo Bank N.A. v Johnson


2019 NY Slip Op 04024


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-05466
 (Index No. 3344/13)

[*1]Wells Fargo Bank National Association, etc., respondent, 
v
Nicole Johnson, appellant, et al., defendants.


Nicole Johnson-Gellineau, named herein as Nicole Johnson, Beacon, NY, appellant pro se.
Buckley Madole, P.C., New York, NY (Brian P. Scibetta of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Nicole Johnson appeals from a judgment of foreclosure and sale of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated April 18, 2016. The judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court dated July 15, 2015, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Nicole Johnson and for an order of reference, directed the sale of the subject premises.
ORDERED that the judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to foreclose a mortgage given by the defendant Nicole Johnson (hereinafter the defendant). In her answer to the complaint, the defendant asserted various affirmative defenses, including lack of standing. After the matter was released from the foreclosure settlement conference part, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The Supreme Court, by order dated July 15, 2015, granted the motion. The defendant appeals from the judgment of foreclosure and sale entered upon that order.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (U.S. Bank N.A. v Sabloff, 153 AD3d 879, 880; see Bank of Am., N.A. v DeNardo, 151 AD3d 1008). Where, as here, the plaintiff's standing is placed in issue by a defendant, the plaintiff also must prove its standing as part of its prima facie showing (see Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753). A plaintiff establishes its standing in a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). "Either a written assignment of the underlying note or the physical delivery of the note . . . is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d at 754; see Deutsche Bank Natl. Trust Co. v Weiss, 133 AD3d 704, 705; [*2]Kondaur Capital Corp. v McCary, 115 AD3d 649, 650).
Here, the plaintiff demonstrated, prima facie, that it was the holder of the note at the time the action was commenced, as evidenced by its attachment of the note, endorsed in blank, to the summons and complaint at the time the action was commenced (see U.S. Bank N.A. v Henry, 157 AD3d 839; U.S. Bank N.A. v Sabloff, 153 AD3d 879; Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d 491). Contrary to the defendant's contention, there is no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it (see UCC 3-204[2]; U.S. Bank N.A. v Henry, 157 AD3d at 841; Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d at 493; Wells Fargo Bank, N.A. v Thomas, 150 AD3d 1312, 1313; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645). Further, where the note is affixed to the complaint, "it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date" (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362; U.S. Bank N.A. v Henry, 157 AD3d at 841; Wells Fargo Bank, N.A. v Thomas, 150 AD3d at 1313). In addition, the plaintiff established its standing by virtue of a written assignment of the underlying note prior to the commencement of the action (see US Bank N.A. v Ezugwu, 162 AD3d 613; Wilmington Trust Co. v Walker, 149 AD3d 409; U.S. Bank, N.A. v Collymore, 68 AD3d at 754; cf. Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 685). In opposition, the defendant failed to raise a triable issue of fact as to the plaintiff's standing.
The plaintiff also demonstrated its prima facie entitlement to judgment as a matter of law by submitting the mortgage, the note, and the affidavit of Yolanda Gardner, an employee of JPMorgan Chase Bank, N.A., loan servicer for the plaintiff, attesting to the default in payment (see Bank of N.Y. Mellon v Lopes, 158 AD3d 662; Wells Fargo Bank, N.A. v Thomas, 150 AD3d 1312; Citigroup v Kopelowitz, 147 AD3d 1014; US Bank N.A. v Singer, 145 AD3d 1057). Contrary to the defendant's contention, the business records upon which Gardner relied were admissible under the business records exception to the hearsay rule (see CPLR 4518[a]; People v Cratsley, 86 NY2d 81, 90). In opposition, the defendant failed to raise a triable issue of fact.
The defendant's contention that the plaintiff failed to demonstrate compliance with the condition precedent contained in paragraph 22 of the mortgage requiring that it provide her with notice of default prior to demanding payment of the loan in full is without merit.
Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
MASTRO, J.P., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court