U.S. Bank N.A. v Blackman (2020 NY Slip Op 06570)





U.S. Bank N.A. v Blackman


2020 NY Slip Op 06570


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2019-02616 
2019-03982
 (Index No. 4739/07)

[*1]U.S. Bank National Association, etc., respondent,
v
Maurice Blackman, appellant, et al., defendants.


Subhana A. Rahim, Brooklyn, NY, for appellant.
Gross Polowy, LLC (Blank Rome LLP, New York, NY [Jonathan M. Robbin and Andrea M. Roberts], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Maurice Blackman appeals from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 2, 2019, and (2) an order of the same court also dated January 2, 2019. The first order, insofar as appealed from, granted those branches of the motion of the plaintiff's predecessor in interest which were for summary judgment on the complaint insofar as asserted against the defendant Maurice Blackman and for an order of reference, and denied that defendant's cross motion, inter alia, to dismiss the complaint insofar as asserted against him. The second order, insofar as appealed from, granted those branches of the motion of the plaintiff's predecessor in interest which were for summary judgment on the complaint insofar as asserted against the defendant Maurice Blackman and for an order of reference, and appointed a referee to ascertain and compute the amount due on the mortgage loan.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
On September 20, 2006, the defendant Maurice Blackman (hereinafter the defendant) borrowed the sum of $526,500 from nonparty New Financial World. The loan was secured by a mortgage on real property in Brooklyn. New Financial World assigned the note to New Century Mortgage Corporation (hereinafter New Century Mortgage) by written assignment dated September 20, 2006. In February 2007, New Century Mortgage commenced this action against the defendant, among others, to foreclose the mortgage. Subsequently, the note was physically delivered to U.S. Bank National Association (hereinafter U.S. Bank), and the mortgage was assigned to U.S. Bank.
In May 2018, New Century Mortgage moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant cross-moved, inter alia, to dismiss the complaint insofar as asserted against him for lack of standing. In an order dated January 2, 2019, the Supreme Court granted New Century Mortgage's motion and denied the defendant's cross motion. In a second order, also dated January 2, 2019, the court, among other things, granted New Century Mortgage's motion, appointed a referee, and amended the caption to substitute U.S. Bank as the plaintiff in this action. The defendant appeals.
A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loans Servs., LLC v Taylor, 25 NY3d 355, 361; U.S. Bank N.A. v Mezrahi, 169 AD3d 952, 953). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see U.S. Bank N.A. v Mezrahi, 169 AD3d at 953).
Here, contrary to the defendant's contention, New Century Mortgage established, prima facie, that it had standing as the assignee of the note at the time the action was commenced by submitting the written assignment dated September 20, 2006 (see Wells Fargo Bank, NA v Fortmeyer, 154 AD3d 998, 1000). In opposition, the defendant failed to raise a triable issue of fact.
The parties' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination granting those branches of New Century Mortgage's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and denying the defendant's cross motion, inter alia, to dismiss the complaint insofar as asserted against him.
MASTRO, J.P., LEVENTHAL, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court