WELLS FARGO BANK, N.A., as Trustee for SABR 2004-OP1 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-OP1, Respondent, v JORGE ARIAS et al., Appellants, et al., Defendants. [995 NYS2d 117]—

In an action to foreclose a mortgage, the defendants Jorge Arias and Cynthia Conklin appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Loehr, J.), entered April 24, 2013, as granted that branch of the plaintiff's motion which was for summary judgment dismissing their affirmative defense of lack of standing.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Where, as here, a plaintiff's standing to commence a foreclo-

sure action is placed in issue by the defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief" (*Citimortgage, Inc. v Stosel*, 89 AD3d 887, 888 [2011]). Here, the plaintiff met its prima facie burden of establishing its entitlement to judgment as a matter of law dismissing the appellants' affirmative defense of lack of standing by submitting the affidavit of James Brantley, a vice-president for the plaintiff's loan servicer, who stated that he had examined the records of the servicer and that of the plaintiff and determined that the subject note was delivered to the plaintiff on March 25, 2004, which was prior to the commencement of this action (*see Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627, 629 [2014]; *Kondaur Capital Corp. v McCary*, 115 AD3d 649, 650 [2014]). In opposition, the appellants failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment dismissing the appellants' affirmative defense of lack of standing. Mastro, J.P., Chambers, Sgroi and LaSalle, JJ., concur.