◼ DEUTSCHE BANK TRUST COMPANY AMERICAS, Respondent, v WEBB GARRISON et al., Appellants, et al., Defendants. [46 NYS3d 185]—

In an action to foreclose a mortgage, the defendants Webb Garrison and Betty G. Garrison appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated July 6, 2015, as, upon a decision of the same court, also dated July 6, 2015, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, Deutsche Bank Trust Company Americas (hereinafter the Bank), commenced this action against the defendants Webb Garrison and Betty G. Garrison (hereinafter together the homeowners), among others, to foreclose a mortgage. Annexed to the complaint was a copy of a note executed by the homeowners in which they promised to repay a loan they received from HSBC Mortgage Corporation (USA), which had been endorsed to the Bank. The Bank moved, inter alia, for summary judgment on the complaint insofar as asserted against the homeowners, and for an order of reference. The Supreme Court granted the Bank's motion.

To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (*see Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d 1001 [2015]; *HSBC Bank, USA v Hagerman*, 130 AD3d 683, 683-684 [2015]; *Plaza Equities, LLC v Lamberti*, 118 AD3d 688, 689 [2014]). However, "[w]here, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by [a] defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief" (*Wells Fargo Bank, N.A. v Arias*, 121 AD3d 973, 973-974 [2014] [internal quotation marks omitted]; *see* *Security Lending, Ltd. v New Realty Corp.*, 142 AD3d 986, 987 [2016]; *Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d 683, 684 [2016]; *Deutsche Bank Natl. Trust Co. v Cunningham*, 142 AD3d 634, 635 [2016]). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note" (*Dyer Trust 2012-1 v Global World Realty, Inc.*, 140 AD3d 827, 828 [2016]; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]; *Flagstar Bank, FSB v Mendoza*, 139 AD3d 898 [2016]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*Dyer Trust 2012-1 v Global World Realty, Inc.*, 140 AD3d at 828; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361-362).

Here, the record demonstrates that a copy of the underlying note bearing an endorsement to the Bank was annexed to the complaint. Thus, the Bank established, prima facie, that it had standing to prosecute this action by demonstrating that a written assignment of the note occurred prior to the commencement of the action (*see JPMorgan Chase Bank, N.A. v Weinberger*, 142 AD3d 643, 645 [2016]; *JPMorgan Chase Bank, N.A. v Roseman*, 137 AD3d 1222, 1223 [2016]; *Deutsche Bank Natl. Trust Co. v Leigh*, 137 AD3d 841, 842 [2016]; *Emigrant Bank v Larizza*, 129 AD3d 904, 905 [2015]; *Nationstar Mtge., LLC v Catizone*, 127 AD3d 1151, 1152 [2015]).

The Bank sustained its burden of demonstrating its prima facie entitlement to judgment as a matter of law by submitting the mortgage, the note, and an affidavit of its servicer's vice-president, attesting to the homeowners' default in the repayment of their mortgage loan obligation (*see Deutsche Bank Natl. Trust Co. v Leigh*, 137 AD3d at 842). In opposition, the homeowners failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted those branches of the Bank's motion which were for summary judgment on the complaint insofar as asserted against the homeowners and for an order of reference. Rivera, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.