Appeals from (1) stated portions of an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered January 20, 2016, and (2) an amended order of that court entered February 22, 2016. The amended order, insofar as appealed from, granted those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against the defendant Boris Yakubov, for an order of reference, and to amend the caption to substitute U.S. Bank National Association, as trustee, on behalf of the holders of the Home Equity Asset Trust 2005-8, Home Equity Pass-Through Certificates, Series 2005-8, as the plaintiff, and denied the cross motion of the defendant Boris Yakubov for summary judgment dismissing the complaint insofar as asserted against him.
 

 Ordered that the appeal from the order entered January 20, 2016, is dismissed, as the portions of the order appealed from were superseded by the amended order entered February 22, 2016; and it is further,
 

 Ordered that the amended order entered February 22, 2016, is affirmed insofar as appealed from; and it is further,
 

 Ordered that one bill of costs is awarded to the plaintiff.
 

 The defendant Boris Yakubov (hereinafter the defendant) executed a note dated June 24, 2005, in the sum of $549,000 in favor of the plaintiff, Encore Credit Corp., doing business as ECC Encore Credit, which was secured by a mortgage on residential property in Queens (hereinafter the premises). On April 11, 2008, the plaintiff commenced this action to foreclose the mortgage. The defendant served an answer with counterclaims, in which he asserted, inter alia, the affirmative defense that the plaintiff lacked standing. In May 2008, the plaintiff assigned the mortgage to U.S. Bank National Association, as trustee, on behalf of the holders of the Home Equity Asset Trust 2005-8, Home Equity Pass-Through Certificates, Series 2005-8 (hereinafter U.S. Bank). Thereafter, in April 2015, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, for an order of reference, and to amend the caption to substitute U.S. Bank as the plaintiff. The defendant cross-moved for summary judgment dismissing the complaint insofar- as asserted against him. The Supreme Court granted those branches of the plaintiff’s motion and denied the defendant’s cross motion. The defendant appeals.
 

 To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see Hudson City Sav. Bank v Genuth, 148 AD3d 687, 688-689 [2017]; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002 [2015]). However, where, as here, a plaintiff’s standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726 [2017]; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974 [2014]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362 [2015]; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726).
 

 Here, the plaintiff established, prima facie, that it had standing as the holder of the note by submitting a copy of the note endorsed in blank, along with the affidavit of an employee of the loan servicer, who averred, based on her review of the records for the subject loan, that the defendant executed the note in favor of the plaintiff, that the note was endorsed in blank, that the plaintiff was “the holder and owner of a bond/mortgage executed by [the defendant] at the time that this action was commenced,” and that the plaintiff “was the holder and owner” of the note “prior to April 11, 2008” (see Emigrant Mtge. Co., Inc. v Tersad, 117 AD3d 676, 677 [2014]; cf. Deutsche Bank Natl. Trust Co. v Weiss, 133 AD3d 704, 705-706 [2015]; Wells Fargo Bank, NA v Burke, 125 AD3d 765, 766-767 [2015]).
 

 In addition to submitting the note, the plaintiff also submitted the mortgage and evidence of default, thus establishing its prima facie entitlement to judgment as a matter of law (see Wells Fargo Bank, N.A. v Thomas, 150 AD3d 1312, 1313 [2017]; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 863 [2017]). In opposition, the defendant failed to raise a triable issue of fact.
 

 Accordingly, the Supreme Court properly granted those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against the defendant, for an order of reference, and to amend the caption to substitute U.S. Bank as the plaintiff, and properly denied the defendant’s cross motion for summary judgment dismissing the complaint insofar as asserted against him.
 

 Dillon, J.P., Balkin, Hall and LaSalle, JJ., concur.