Bank of N.Y. Mellon v Lopes (2018 NY Slip Op 01041)





Bank of N.Y. Mellon v Lopes


2018 NY Slip Op 01041


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-01212
 (Index No. 13346/12)

[*1]Bank of New York Mellon, etc., respondent, 
v
Bernil Lopes, et al., appellants, et al., defendants.


Ardito & Ardito, LLP, Franklin Square, NY (John A. Ardito of counsel), for appellants.
Davidson Fink, LLP, Rochester, NY (Larry T. Powell of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated June 29, 2015. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Bernil Lopes and Beverly Lopes and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendants Bernil Lopes and Beverly Lopes (hereinafter together the defendants) executed a note dated September 2, 2005, in the sum of $395,000, in favor of Countrywide Home Loans, Inc. (hereinafter Countrywide). The note was secured by a mortgage on residential property located in South Floral Park. The mortgage was later assigned by Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide, to the plaintiff, Bank of New York Mellon.
In October 2012, the plaintiff commenced this action to foreclose the mortgage. The defendants served an answer in which they asserted various affirmative defenses, including that the plaintiff lacked standing. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants opposed the motion. The Supreme Court granted the motion, and the defendants appeal.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002 [internal quotation marks omitted]; see Hudson City Sav. Bank v Genuth, 148 AD3d 687, 688-689). Where a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; U.S. Bank, N.A. v Noble, 144 AD3d 786, 787; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726 [internal quotation marks [*2]omitted]; see U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862).
Here, the plaintiff established, prima facie, that it had standing to commence the action by submitting the affidavit of a foreclosure specialist for the loan servicer, who stated that, based upon her review of the records for the subject loan, the plaintiff was the holder of the original note prior to commencement of the action, and that the note was delivered to the plaintiff prior to commencement of the action. The plaintiff also submitted a copy of the note containing an endorsement in blank by Countrywide, the original lender (see Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890; Bank of Am., N.A. v Barton, 149 AD3d 676, 678). Moreover, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the note, the mortgage, and evidence of default. Contrary to the defendants' contention, the plaintiff demonstrated the admissibility of the business records upon which the foreclosure specialist relied under the business records exception to the hearsay rule (see CPLR 4518[a]), because she averred in her affidavit that she had personal knowledge of the plaintiff's records and record-making practices (cf. HSBC Mtge. Servs., Inc. v Royal, 142 AD3d 952, 954; U.S. Bank N.A. v Handler, 140 AD3d 948, 949).
In opposition, the defendants failed to raise a triable issue of fact.
The defendants' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference.
LEVENTHAL, J.P., AUSTIN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court