Bank of Am. N.A. v Masri (2018 NY Slip Op 01040)





Bank of Am. N.A. v Masri


2018 NY Slip Op 01040


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2015-08214
 (Index No. 4964/13)

[*1]Bank of America National Association, respondent,
v
Samir Masri, appellant, et al., defendants.


The Law Firm of Vaughn, Weber & Prakope, PLLC, Mineola, NY (John A. Weber IV of counsel), for appellant.
Buckley Madole, P.C., New York, NY (Brian P. Scibetta of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 26, 2015. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Samir Masri and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant Samir Masri (hereinafter the appellant) executed a note in the sum of $799,600 in favor of JPMorgan Chase Bank, N.A. (hereinafter JPMorgan Chase), which was secured by a mortgage on residential property located in Great Neck. By an assignment dated November 26, 2011, JPMorgan Chase assigned the mortgage to the plaintiff. In April 2013, the plaintiff commenced this action against the appellant, among others, to foreclose the mortgage. The appellant served an answer in which he asserted as affirmative defenses that the plaintiff lacked standing and that the plaintiff, in bad faith, falsely promised a loan modification. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the appellant and for an order of reference. The appellant opposed the motion. In the order appealed from, the Supreme Court granted those branches of the motion.
Where a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; U.S. Bank, N.A. v Noble, 144 AD3d 786, 787; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862).
Here, the plaintiff established, prima facie, its standing to commence the action by submitting the affidavit of Lynn Benedict, an assistant secretary of JPMorgan Chase, successor by merger to Chase Home Finance, LLC (hereinafter Chase Home Finance), attorney-in-fact for the plaintiff. Benedict stated that the original note was delivered to JPMorgan Chase prior to the commencement of the action, that JPMorgan Chase held the original note on behalf of the plaintiff, and that two allonges were affixed to the note, one containing an endorsement from JPMorgan Chase, as the original lender, to Chase Home Finance, and the other containing an endorsement in blank from Chase Home Finance (see Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890, 891; Wells Fargo Bank, N.A. v Gallagher, 137 AD3d 898, 899). In opposition, the appellant failed to raise a triable issue of fact.
Contrary to the appellant's contention, the Supreme Court did not err in failing to deny the motion as premature, as the appellant offered mere hope and speculation that evidence sufficient to defeat the plaintiff's motion may be uncovered during the discovery process (see Cortes v Whelan, 83 AD3d 763, 764).
Furthermore, the appellant failed to raise an issue of fact as to whether a hearing pursuant to CPLR 3408(f) should be held to determine whether the plaintiff, in bad faith, delayed in determining his application for a loan modification.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellant and for an order of reference.
ROMAN, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court