Tribeca Lending Corp. v Lawson (2018 NY Slip Op 01951)





Tribeca Lending Corp. v Lawson


2018 NY Slip Op 01951


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-01162
2016-01163
 (Index No. 22265/08)

[*1]Tribeca Lending Corp., respondent,
v
Jeffrey A. Lawson, appellant, et al., defendants.


Ahern & Ahern, Kings Park, NY (Dennis P. Ahern of counsel), for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Allison J. Sanders of counsel), for respondent.



DECISION & ORDER
Appeals from two orders of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), both dated November 24, 2015. The second order, insofar as appealed from, granted those branches of the plaintiff's renewed motion which were for summary judgment on the complaint insofar as asserted against the defendant Jeffrey A. Lawson, to strike his answer and affirmative defenses, and for an order of reference, and appointed to a referee to compute the amount due to the plaintiff.
ORDERED that the appeal from the first order is dismissed, as the portion of the order appealed from was superseded by the second order; and it is further,
ORDERED that the second order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In March 2007, the defendant Jeffrey A. Lawson borrowed the sum of $213,850 from the plaintiff. The loan was memorialized by an adjustable rate note and secured by a mortgage on real property in Nesconset. Lawson allegedly defaulted on the loan by failing to make the payment due on July 1, 2007. In June 2008, the plaintiff commenced this action to foreclose the mortgage. Lawson joined issue by serving a verified answer in which he asserted the affirmative defenses of failure to state a cause of action, lack of personal jurisdiction, and lack of standing.
In December 2012, after a series of settlement conferences, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Lawson, to strike his answer and affirmative defenses, and for an order of reference. In an order dated July 17, 2013, the Supreme Court denied the plaintiff's motion without prejudice to renewal upon the submission of, among other things, additional proof of ownership of the property. In November 2013, the plaintiff renewed its motion for summary judgment. However, in an order dated March 27, 2014, the court denied the motion, again without prejudice to renewal upon submission of certain specified evidentiary proof. In July 2014, the plaintiff filed a second renewed motion for summary judgment, which was granted [*2]in its entirety in an order dated November 24, 2014.
Thereafter, upon Lawson's motion for leave to reargue, the Supreme Court vacated the order dated November 24, 2014, and directed the plaintiff to make a new motion for summary judgment. The plaintiff filed its third renewed motion for summary judgment in July 2015. Lawson opposed that motion, arguing, among other things, that the plaintiff failed to proffer sufficient proof of its compliance with RPAPL 1303 and failed to demonstrate its compliance with conditions precedent applicable to high-cost loans under former RPAPL 1302 and former Banking Law 6-l. The court, inter alia, granted those branches of the plaintiff's renewed motion which were for summary judgment on the complaint insofar as asserted against Lawson, to strike his answer and affirmative defenses, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff. Lawson appeals.
To establish its prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see Hudson City Sav. Bank v Genuth, 148 AD3d 687, 688-689). Moreover, where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726).
Here, in support of its last renewed motion, the plaintiff produced the mortgage, the note, and the affidavit of an assistant vice president of its loan servicer, who attested to Lawson's default and the fact that the plaintiff, the originator of the loan, was the holder of the note and mortgage at the time it commenced this action. Further, contrary to Lawson's contention, the plaintiff established, prima facie, that the subject loan was not a high-cost home loan and, in any event, that it complied with the requirements for such loans (see former RPAPL 1302[1]; former Banking Law 6-l; cf. Aries Fin., LLC v 12005 142nd St., LLC, 127 AD3d 900, 901-902). In opposition, Lawson failed to raise a triable issue of fact.
Lawson's remaining contention is without merit.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Lawson, to strike his answer and affirmative defenses, and for an order of reference.
RIVERA, J.P., COHEN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court