Bank of Am., N.A. v Tobing (2018 NY Slip Op 05015)





Bank of Am., N.A. v Tobing


2018 NY Slip Op 05015


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-02963
 (Index No. 135361/13)

[*1]Bank of America, N.A., respondent, 
v
Sylvia Gonzalez Tobing, appellant, et al., defendants.


Nicholas M. Moccia, P.C., Staten Island, NY, for appellant.
Frenkel Lambert Weiss Weisman & Gordon, LLP (Bryan Cave, LLP, New York, NY [Suzanne M. Berger and Elizabeth J. Goldberg-Ragot], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sylvia Gonzalez Tobing appeals from an order of the Supreme Court, Richmond County (Philip G. Minardo, J.), dated January 28, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Sylvia Gonzalez Tobing and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On January 8, 2008, the defendant Sylvia Gonzalez Tobing (hereinafter the appellant) executed a consolidated note in the sum of $334,800 in favor of Countrywide Bank, FSB (hereinafter Countrywide), which was secured by a consolidated mortgage on residential property located in Staten Island. The appellant also executed a consolidation, extension, and modification agreement (hereinafter CEMA), pursuant to which notes dated July 29, 2005, and January 8, 2008, both in favor of Countrywide, were consolidated into a single lien. By assignment of mortgage dated September 25, 2013, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Countrywide, assigned the consolidated mortgage to the plaintiff, Bank of America, N.A.
In December 2013, the plaintiff commenced this action against the appellant, among others, to foreclose the consolidated mortgage. The appellant served an answer in which she asserted the affirmative defense that the plaintiff lacked standing. In March 2015, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the appellant and for an order of reference. The appellant opposed the motion on the ground that the plaintiff lacked standing. In an order dated January 28, 2010, the Supreme Court granted the plaintiff's motion.
Where a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974). A plaintiff has standing to commence a foreclosure action where it is the holder or assignee of the underlying note, either by physical delivery or execution of a written [*2]assignment prior to the commencement of the action with the filing of the complaint (see Aurora Loan Servs., LLC v. Taylor, 25 NY3d 355, 361-362; US Bank N.A. v Cohen, 156 AD3d 844, 845-846; U.S. Bank, N.A. v Noble, 144 AD3d 786; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 725; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; Deutsche Bank Natl. Trust Co. v Logan, 146, AD3d 861, 862).
Here, the plaintiff demonstrated, prima facie, its standing to commence the action by submitting the affidavits of its officer and an employee of its legal counsel, along with copies of the consolidated note containing an endorsement in blank by Countrywide. The plaintiff's submissions established that it had physical possession of the original consolidated note when the action was commenced (see HSBC Bank USA, N.A. v Armijos, 151 AD3d 943, 944). In opposition, the appellant failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellant and for an order of reference.
AUSTIN, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court