Deutsche Bank Natl. Trust Co. v Cole (2019 NY Slip Op 00094)





Deutsche Bank Natl. Trust Co. v Cole


2019 NY Slip Op 00094


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-08328
 (Index No. 704872/15)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Michael Cole, et al., appellants, et al., defendants.


Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi, Juan Paolo F. Dizon, and Aveet Basnyat of counsel), for appellants.
Bryan Cave LLP, New York, NY (Glenn B. Coleman and Jessica H. Fischweicher of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Michael Cole and Moonachi, Inc., appeal from an order of the Supreme Court, Queens County (Howard G. Lane, J.), entered June 22, 2016. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against those defendants.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May of 2015, the plaintiff commenced this action against the defendants Michael Cole and Moonachi, Inc. (hereinafter together the defendants), among others, to foreclose a mortgage on certain property located in Queens. The defendants interposed an answer in which they asserted various affirmative defenses, including that the plaintiff lacked standing. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. In an order entered June 22, 2016, the Supreme Court, among other things, granted that branch of the motion which was for summary judgment on the complaint insofar as asserted against the defendants. The defendants appeal.
Where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; Wells Fargo Bank, N.A. v
Arias, 121 AD3d 973, 973-974). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; U.S. Bank, N.A. v Noble, 144 AD3d 786, 787; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862).
In support of its motion, the plaintiff submitted the affidavit of Howard R. Handville, an employee of its current loan servicer, who stated, based on his personal examination of the plaintiff's business records relating to the subject loan, that the loan servicer took physical possession of the original note, endorsed in blank by the original lender, on September 10, 2014. [*2]Annexed to the affidavit was, among other things, a copy of the note, containing, on its face, an endorsement in blank by the original lender. In opposition, the defendants raised specific contentions regarding whether the note was properly endorsed, as opposed to their general denial of proper endorsement contained in their answer. For the first time, the defendants asserted, among other things, that the endorsement by a representative of IndyMac was not "duly procured." In reply, the plaintiff submitted the affidavit of an employee of its prior loan servicer, who averred that the original, endorsed note was scanned into the prior loan servicer's system on May 8, 2013, that that note was the same as the note attached to Handville's affidavit, and that that note was sent to the current loan servicer on September 8, 2014, along with a "screenshot showing the [e]ndorsed page of the Note and the date of imaging." Also in reply, the plaintiff submitted a second affidavit by Handville, stating that a true copy of the original, endorsed note was attached to his initial affidavit submitted in support of the plaintiff's motion. In light of the foregoing, the plaintiff established that it was the holder of the original note, endorsed in blank by the original lender, prior to the commencement of the action on May 12, 2015.
We agree with the Supreme Court's determination to consider the affidavits offered by the plaintiff in reply, as that evidence was submitted in response to allegations raised for the first time in the defendants' opposition papers (see Central Mtge. Co. v Jahnsen, 150 AD3d 661, 664; Citimortgage, Inc. v Espinal, 134 AD3d 876, 879).
The defendants' remaining contentions are either without merit, are improperly raised for the first time on appeal, or need not be reached in view of our determination.
Accordingly, we agree with the Supreme Court's determination granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendants.
CHAMBERS, J.P., SGROI, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court