Wells Fargo Bank, N.A. v Zucker (2019 NY Slip Op 01121)





Wells Fargo Bank, N.A. v Zucker


2019 NY Slip Op 01121


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2016-06522
2016-06524
 (Index No. 3176/14)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Isaac M. Zucker, et al., appellants, et al., defendants.


Isaac M. Zucker and Renee K. Zucker, Woodmere, NY, appellants pro se.
Hogan Lovells US LLP, New York, NY (David Dunn, Chava Brandriss, Ryan Sirianni, and Richard Sillett of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Isaac M. Zucker and Renee K. Zucker appeal from two orders of the Supreme Court, Nassau County (Thomas A. Adams, J.), both dated April 18, 2016. The orders, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against those defendants.
ORDERED that the orders are affirmed insofar as appealed from, with costs.
In March 2014, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendants Isaac M. Zucker and Renee K. Zucker (hereinafter together the defendants). The defendants served an answer in which they asserted, inter alia, the affirmative defense of lack of standing. Thereafter, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendants. In the two orders appealed from, both dated April 18, 2016, the Supreme Court, inter alia, granted that branch of the plaintiff's motion. The defendants appeal.
" Generally, in moving for summary judgment in an action to foreclose a mortgage,
a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default'" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684, quoting Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). However, where a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974). A plaintiff has standing to commence a foreclosure action where it is the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment, at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 725; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862; U.S. Bank, N.A. v Noble, 144 AD3d 786). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Deutsche Bank Trust Co. Ams. v Garrison, 147 [*2]AD3d at 725; U.S. Bank N.A. v Saravanan, 146 AD3d at 1011; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d at 862).
Here, the plaintiff established its standing by attaching the consolidated note secured by the subject mortgage, including an allonge endorsing the consolidated note in blank, to the summons and complaint (see U.S. Bank N.A. v Henry, 157 AD3d 839, 841; U.S. Bank N.A. v Saravanan, 146 AD3d at 1011; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645; Deutsche Bank Natl. Trust Co. v Leigh, 137 AD3d 841, 842; Emigrant Bank v Larizza, 129 AD3d 904, 905; Nationstar Mtge., LLC v Catizone, 127 AD3d 1151, 1152). The plaintiff further sustained its burden of demonstrating its prima facie entitlement to judgment as a matter of law by submitting the mortgage, the consolidated note, and proof of the defendants' default in payment (see U.S. Bank N.A. v Saravanan, 146 AD3d at 1011). In opposition, the defendants failed to raise a triable issue of fact.
The defendants waived any defense based on the plaintiff's alleged failure to comply with a condition precedent of the consolidated mortgage since they did not raise this defense with specificity in their answer or in any motion to amend their answer (see CPLR 3015[a]; Nationstar Mtge., LLC v Vordermeier, 165 AD3d 822, 822-823; Bank of Am., N.A. v Brannon, 156 AD3d 1, 7; 1199 Hous. Corp. v International Fid. Ins. Co., 14 AD3d 383, 384).
The defendants' remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendants.
DILLON, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court