U.S. Bank Natl. Assn. v Haber (2019 NY Slip Op 01636)





U.S. Bank Natl. Assn. v Haber


2019 NY Slip Op 01636


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2017-00482
 (Index No. 4487/07)

[*1]U.S. Bank National Association, etc., respondent,
v
Michael Haber, etc., et al., appellants, et al., defendant.


Haber & Haber, LLP, Garden City, NY (Stephen D. Haber of counsel), for appellants.
Friedman Vartolo LLP, Garden City, NY (Henry P. DiStefano of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Michael Haber and Laura Haber appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 23, 2016. The order granted those branches of the plaintiff's motion which were for summary judgment on the complaint and for an order of reference.
ORDERED that the order is reversed, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint and for an order of reference are denied.
On June 8, 2005, the defendants Michael Haber and Laura Haber (hereinafter together the defendants) executed a note in the amount of $413,250 in favor of WMC Mortgage Corp. (hereinafter WMC Mortgage), secured by a mortgage on residential property located in Levittown. On March 13, 2007, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage. The defendants answered and asserted, as an affirmative defense, that the plaintiff lacked standing.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (IndyMac Venture, LLC v Amus, 164 AD3d 883, 884; see Bank of N.Y. Mellon v Selig, 165 AD3d 872; Bank of N.Y. Mellon v Aiello, 164 AD3d 632, 633). In addition, where, as here, a defendant places standing in issue, the plaintiff must prove standing in order to be entitled to relief (see Bank of N.Y. Mellon v Selig, 165 AD3d at 873; Wells Fargo Bank, N.A. v Inigo, 164 AD3d 545, 546; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974). A plaintiff has standing in a mortgage foreclosure action when it is either the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Wells Fargo Bank, N.A. v Inigo, 164 AD3d at 546; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 725). "Either [*2]a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; Nationstar Mtge., LLC v Balducci, 165 AD3d 959, 960; Bank of N.Y. Mellon Trust Co., N.A. v Sukhu, 163 AD3d 748, 750).
Here, the plaintiff failed to meet its prima facie burden of establishing that it had standing at the time it commenced the action (see Wells Fargo Bank, N.A. v Talley, 153 AD3d 583, 584; Arch Bay Holdings, LLC v Albanese, 146 AD3d 849, 852). The affidavit of Patrick Pittman, an employee of Select Portfolio Servicing, Inc., the plaintiff's servicer, failed to lay a proper foundation under the business records exception to the hearsay rule to support his assertion that the note was physically transferred to the plaintiff prior to commencement of the action (see Bank of NY Mellon v Selig, 165 AD3d at 874; OneWest Bank, FSB v Berino, 158 AD3d 811, 812-813; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 685).
Since the plaintiff failed to meet its prima facie burden for summary judgment, those branches of its motion which were for summary judgment on the complaint and for an order of reference should have been denied without regard to the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the defendants' remaining contentions.
BALKIN, J.P., AUSTIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court