Deutsche Bank Natl. Trust Co. v Nair (2019 NY Slip Op 01561)





Deutsche Bank Natl. Trust Co. v Nair


2019 NY Slip Op 01561


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-01655
 (Index No. 58082/13)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Vijaya Nair, appellant, et al., defendants.


Law Office of Peter A. Hurwitz, PLLC, New City, NY, for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Riyaz G. Bhimani of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Vijaya Nair appeals from an order of the Supreme Court, Westchester County (Alan D. Scheinkman, J.), dated February 1, 2017. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Vijaya Nair.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In June 2005, the defendant Vijaya Nair (hereinafter the defendant) executed a promissory note in the sum of $1,495,000 in favor of Washington Mutual Bank, FA. The note was secured by a mortgage encumbering residential property in Bedford. In March 2013, the plaintiff commenced this action to foreclose the mortgage, alleging that the defendant defaulted under the terms of the note by failing to make the payment due on November 1, 2008, and all payments due thereafter. The defendant served an answer asserting, inter alia, the affirmative defense of lack of standing. In October 2016, the plaintiff moved, inter alia, for summary judgment on the complaint. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against her. The Supreme Court granted the subject branch of the plaintiff's motion and denied the defendant's cross motion.
When a plaintiff's standing to commence a foreclosure action is at issue, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974). A plaintiff establishes standing by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v. Taylor, 25 NY3d 355, 361-362; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 725; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862; U.S. Bank, N.A. v Noble, 144 AD3d 786). Here, the plaintiff established its standing with evidence that it was the holder of the note at the time the action was commenced by the attachment of the note to the summons and complaint at the time the action was commenced (see U.S. Bank N.A. v Henry, 157 AD3d 839, 841). In opposition, the defendant failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court