Federal Natl. Mtge. Assn. v Onuoha (2019 NY Slip Op 03953)





Federal Natl. Mtge. Assn. v Onuoha


2019 NY Slip Op 03953


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-12427
2018-05721
 (Index No. 701218/15)

[*1]Federal National Mortgage Association, etc., respondent,
v
Rose Onuoha, etc., appellant, et al., defendants.


O. Benjamin Okeke, Brooklyn, NY, for appellant.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Austin T. Shufelt and Jason P. Dionisio of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Rose Onuoha appeals from (1) an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered October 17, 2016, and (2) a judgment of foreclosure and sale of the same court entered April 17, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, and, in effect, denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against her and to vacate a notice of pendency. The judgment of foreclosure and sale, upon the order, inter alia, directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).
In December 2005, the defendant Rose Onuoha (hereinafter the defendant) executed a note in the sum of $220,000 in favor of Professional Mortgage Bankers Corp. (hereinafter Professional). The note was secured by a mortgage on residential property in Rosedale (hereinafter the premises). The mortgage was later assigned to the plaintiff. On March 16, 2015, the plaintiff commenced this action against, among others, the defendant to foreclose the mortgage. The defendant interposed an answer in which she asserted, inter alia, various affirmative defenses, including that the plaintiff lacked standing and failed to comply with RPAPL 1303 and 1304, and that the action was barred by the applicable statute of limitations.
Thereafter, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against her and to vacate a notice of pendency filed against the premises. In an order entered October 17, 2016, the Supreme Court granted the plaintiff's motion and, in effect, denied the defendant's cross motion. On April 17, 2018, the court entered a judgment of foreclosure and sale. The defendant appeals.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002 [internal quotation marks omitted]; see Hudson City Sav. Bank v Genuth, 148 AD3d 687). However, where, as here, a plaintiff's standing is placed in issue by a defendant, the plaintiff must also prove its standing in order to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974). A plaintiff has standing to commence a foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 725). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862).
Here, the plaintiff established, prima facie, its standing as the holder of the note by demonstrating that the note was in its possession at the time it commenced the action, as evidenced by its attachment of the note, endorsed in blank by Professional, the original lender, to the complaint (see US Bank N.A. v Cohen, 156 AD3d 844, 846; U.S. Bank N.A. v Saravanan, 146 AD3d at 1011; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645). The plaintiff's submissions also established that the subject loan was not a "home loan" within the meaning of RPAPL 1304, and therefore that it was not required to comply with the statutory notice provisions of RPAPL 1304 (see HSBC Bank USA, N.A. v Oscar, 161 AD3d 1055, 1057; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 825; Bayview Loan Servicing, LLC v Akande, 154 AD3d 694, 695). Moreover, the plaintiff's submissions established that it was not required to serve the defendant with notice pursuant to RPAPL 1303 because the premises was not an "owner-occupied" dwelling (RPAPL 1303[1][a]). The plaintiff further established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the note, and evidence of default (see HSBC Bank USA, N.A. v Oscar, 161 AD3d at 1057). In opposition, the defendant failed to raise a triable issue of fact.
We agree with the Supreme Court's determination that, upon all the evidence submitted on the motion and cross motion, the action was timely commenced (see CPLR 3212[b]). The first of three foreclosure actions against the defendant was commenced by Washington Mutual Bank (hereinafter WAMU) on December 21, 2007. The defendant alleged as an affirmative defense that, by commencing the first foreclosure action against her, WAMU accelerated the mortgage debt and triggered the running of the statute of limitations. However, in support of her own cross motion, inter alia, for summary judgment dismissing the complaint, the defendant submitted documents showing that the assignment of the note to WAMU did not occur until December 24, 2007. Thus, contrary to the allegation in the defendant's affirmative defense, the commencement of the first foreclosure action by WAMU was ineffective to constitute a valid exercise of the option to accelerate the debt since WAMU did not have the authority to accelerate the debt or to sue to foreclose at that time (see Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 983; see also US Bank Trust, N.A v Williams, 168 AD3d 1122). The second foreclosure action against the defendant, which was commenced by JPMorgan Chase Bank, National Association, on September 22, 2010, validly accelerated the mortgage debt and triggered the six-year statute of limitations (see CPLR 213[2]; U.S. Bank N.A. v Joseph, 159 AD3d 968; 53 PL Realty, LLC v US Bank N.A., 153 AD3d 894, 895). Therefore, the instant, third foreclosure action against the defendant, which was commenced on March 16, 2015, is not time-barred.
The defendant waived an affirmative defense based on the plaintiff's alleged failure [*2]to comply with the condition precedent set forth in the mortgage requiring it to provide her with a notice of default, as she failed to raise that defense in her answer or in any motion for leave to amend her answer (see CPLR 3015[a]; Nationstar Mtge., LLC v Vordermeier, 165 AD3d 822, 822-823; First N. Mortgagee Corp. v Yatrakis, 154 AD2d 433, 433). The defendant otherwise failed to establish, in support of her cross motion, her prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against her.
The defendant's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and, in effect, denying the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against her and to vacate the notice of pendency.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court