Deutsche Bank Natl. Trust Co. v Conrado (2020 NY Slip Op 00103)





Deutsche Bank Natl. Trust Co. v Conrado


2020 NY Slip Op 00103


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-06129
 (Index No. 2397/14)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Livis S. Conrado, etc., appellant, et al., defendants.


Zinker & Herzberg, LLP, Hauppauge, NY (Jeffrey Herzberg of counsel), for appellant.
RAS Boriskin, LLC, Westbury, NY (Jason W. Creech and Sandelands Eyet LLP [Margaret S. Stefandl], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Livis S. Conrado appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered September 14, 2018. The order and judgment of foreclosure and sale, upon two orders of the same court, both entered March 25, 2016, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Livis S. Conrado and for an order of reference, granted the plaintiff's motion for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. Justice Roman has been substituted for former Justice Hall (see 22 NYCRR 1250.1[b]).
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Livis S. Conrado and for an order of reference are denied, the plaintiff's motion for a judgment of foreclosure and sale is denied, and the orders entered March 25, 2016, are modified accordingly.
In 2014, the plaintiff commenced this action against, among others, the defendant Livis S. Conrado to foreclose a mortgage. Conrado interposed an answer in which she asserted as affirmative defenses that the plaintiff lacked standing to commence the action. Subsequently, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against Conrado and for an order of reference. The Supreme Court, inter alia, granted those branches of the plaintiff's motion. The court thereafter issued an order and judgment of foreclosure and sale, among other things, confirming the referee's report and directing the sale of the subject property. On appeal, Conrado contends only that the plaintiff failed to establish that it had standing to commence this action.
Where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; Wells Fargo Bank, N.A. v [*2]Arias, 121 AD3d 973, 973-974). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; U.S. Bank, N.A. v Noble, 144 AD3d 786, 787; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862). Here, the plaintiff failed to meet its burden to establish, prima facie, its entitlement to summary judgment because the affidavit submitted in support of the motion was insufficient to establish standing (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197).
The parties' remaining contentions are improperly raised for the first time on appeal or need not be reached.
Accordingly, we disagree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Conrado and for an order of reference.
ENTER:
Aprilanne Agostino
Clerk of the Court